| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------x<br>In re<br><br>SOLOMON LEVINE,<br><br>                  Debtor.<br>------------------------------------------x<br><br>LISA KOLB LIEBERT,<br><br>                  Plaintiff,<br><br>     -against-<br><br>ALAN NISSELSON,<br>Trustee of the Estate of<br>Solomon Levine<br><br>                  Defendant.<br>------------------------------------------x | **NOT FOR PUBLICATION**<br><br>Chapter 11<br><br>Case No. 94-44257 (PCB)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Adv. Proc. No. 04-02966 (PCB) |

APPEARANCES:

LISA KOLB LIEBERT, ESQ.
Appearing Pro-Se
257 Church Street
New York, New York 10013

WINDELS MARX LANE & MITTENDORF, LLP
Attorney for Alan Nisselson, Trustee
156 West 56th Street
New York, New York 10019
By:    Howard L. Simon
          Leslie S. Barr


BEATTY, PRUDENCE CARTER, U.S.B.J.

<u>MEMORANDUM DECISION DENYING BOTH THE PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND THE TRUSTEE'S CROSS-MOTION FOR SUMMARY
JUDGMENT</u>


      Lisa Kolb Liebert, the plaintiff in this adversary proceeding ("Liebert"), has moved for

summary judgment. Alan Nisselson, the successor trustee (the "Trustee") in this chapter 11

1

case, has cross-moved for summary judgment in his favor. Based on the findings of fact and conclusions of law which follow, the Court denies both motions on the grounds that neither party has demonstrated that there are not material facts in dispute.

**Summary of Facts**[1]

Solomon Levine, the debtor (the "Debtor") in this Chapter 11 case, is now deceased.[2] At the time the case was filed on September 8, 1994 (the "Petition Date"), he was the owner of the shares and attendant leases for two residential and one commercial cooperative units at 257 Church Street, New York City (the "Property").[3] The Debtor lived in one of the residential units, Unit 2 (the "Levine Unit"). At the Petition Date the second residential unit he owned, Unit 5 (the "Liebert Unit"), was occupied by Liebert as a rent controlled tenant. Levine was then leasing the commercial unit to a donut shop.[4]

In the schedules accompanying the petition the Debtor listed his assets as having a value of $1,214,460.00. His principal assets were the three units.

---

[1] The Summary of Facts includes references to documents and operative facts contained in the adversary proceeding as well as the main case. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992) (The Court may look to documents that were not part of the pleading before the Court but that were integral to the pleading). Both the documents in the main case file and the adversary proceeding beginning in 1999 can be located on the electronic case filing system ("ECF") for the United States Bankruptcy Court, Southern District of New York, which can be accessed at https://ecf.nysb.uscourts.gov/cgi-bin/login.pl.

[2] This case is governed by the Code as it existed prior to the amendments that became effective as to cases filed on or after October 17, 2005.

[3] The Property had been owned by the Debtor for many years. In or about 1992, he caused it to be converted to a cooperative corporation. The Property contains a total of four (4) residential units, a ground floor commercial unit with a basement and sub-basement. See Case Doc. No. 6.

[4] Bonnie Loren and/or her company, Process Studio Theatre, Inc. (collectively, "Loren"), hold a sub-lease for a portion of the basement portion of the commercial unit. Apparently Loren acquired the space from the Debtor many years before the Petition Date to use as a theater or public performance space. Post-petition numerous hearings were held in this Court involving the Loren space at least in part relating to work she had done to the sidewalk outside the building in order to put in a staircase that would create an additional means of access to her below-ground space. At no point during the many hearings held in this Court did it appear that Loren could lawfully use the basement space as a place of public assembly because of a lack of required permits. Liebert's current motion papers allege that at the present time Loren still does not have the required permits.

2

He listed total liabilities in the amount of $686,383.33. Of the total listed, the liability to Liebert was by far the largest. It was in the amount of $409,298.97 based on a judgment (the "Judgment") she had obtained against him.[5]

Also listed on the schedules were three other liabilities. One was a liability for legal fees in the amount of $44,000.00 and another for Visa charges in the amount of $13,084.36. The final scheduled liability was one to Stanley Perlmutter in the amount of $200,000.00. The Perlmutter liability was based on gambling obligations and this Court determined by decision dated April 11, 2002 that the liability was unenforceable under New York law and disallowed the claim. See ECF Case Doc. No. 167. Deducting this liability from the Debtor's scheduled liabilities would leave total liabilities of $486,383.33, an amount significantly below the scheduled value of the Debtor's assets.

Liebert docketed the Judgment in the Supreme Court of the State of New York, County of New York on June 10, 1994, only days less than ninety days prior to the Petition Date.[6] After the Debtor filed his Petition, Liebert filed a timely proof of claim alleging that she possessed a valid secured claim against the Debtor's estate.[7]

Subsequently Liebert filed a motion seeking dismissal (the "Dismissal Motion") of the Debtor's Chapter 11 case. See ECF Case Doc. No. 171. The prior trustee objected to the Dismissal Motion. See ECF Case Doc. No. 173. On June 12, 2003 this Court signed an order denying the Dismissal Motion in which it stated in the recitals that any lien held by Liebert

---

[5] The judgment was based on a jury verdict against the Debtor and Aaron Gelbwaks, an attorney, for theft and conversion of money from Liebert. See Lisa Liebert v. Aaron Gelbwaks and Solomon Levine, Index No. 14192/88 (Supreme Court of the State of New York 1994).

[6] Liebert executed on her judgment against the Debtor in two ways. First she levied against the Debtor's interest in the leases by docketing the judgment (the "Lien"). As the leases had 99 year terms, under New York Law they are chattels real. See NYRPL § 290, 291; see also Durso Supermarkets, Inc. v. D'Urso, 193 B.R. 682, 696 (Bankr. S.D.N.Y. 1996). Secondly, she levied against the Debtor's personal property by delivering her judgment to the sheriff. However, that execution was returned unsatisfied.

[7] By order dated June 3, 1997 this Court declared Liebert's claim to be non-dischargeable.

constituted a preference. See ECF Case Doc. No. 190. Liebert appealed this Court's order to the United States District Court for the Southern District of New York (the "District Court"). See ECF Case Doc. No. 191. Loren sought to have the District Court dismiss the appeal on the grounds that the challenged order was interlocutory. The District Court did dismiss the appeal finding that because the order was an interlocutory order, and not a final one, it was not subject to appellate review. See Lisa Kolb Liebert v. Solomon Levine, 2004 U.S. Dist. LEXIS 6025 (S.D.N.Y. April 8, 2004).

Following dismissal of the appeal and on April 19, 2004, Liebert commenced this adversary proceeding against the Trustee seeking a determination of the validity, priority and extent of her Lien and for certain other relief. See ECF AP Doc. No. 1. At ¶ 9 the Complaint states that the state court entered the Judgment on June 2, 1994. The Complaint at ¶10 avers that Liebert docketed the Judgment with the County Clerk for the County of New York on June 10, 1994 and thereby created the Lien against any interest the Debtor had at that time in real property located with the County of New York but not limited to the commercial space lease.

In the first cause of action in the complaint Liebert alleges in ¶ 36 that her claim is approximately $909,798.97. Of that amount the complaint states that $409,298.07 represents the original amount of the judgment and approximately $500,000 represents interest at the "statutory rate of 9%, subject to a cap in the amount of the full value of the Lease plus any other assets of the estate which are subject to Plaintiff's lien."

The Trustee filed an answer to the complaint denying Liebert's allegations and asserting cross-claims including a challenge to Liebert's Lien as a preference. See ECF AP Doc. No. 5. Liebert has moved for summary judgment in her favor. She asserts that she did not receive a preference because on her analysis the Debtor was not insolvent on the date of the transfer, i.e. June 10, 1994.

The Trustee has opposed Liebert's motion for summary judgment and filed a cross-motion for summary judgment. See ECF AP Docs. Nos. 7 and 8. The Trustee's position is that the Lien is avoidable as a preference because the Debtor was insolvent based on the claims shown on the claims docket. His motion papers state that the unexpunged pre-petition claims total $1,092,050.72. This includes the Liebert claim of $450,927.77 and a pre-petition claim by Loren in the amount of $500,000. See Claim No. 10. The Loren claim states that it is for loss of rental income and property damage but has no attachment or break down showing how it was computed.[8]

As to the valuation of the Debtor's assets both Liebert and the Trustee agree on a range of value around $650,000. Liebert has stated that for purposes of considering this motion, she will accept the Trustee's valuation of the Debtor's assets. ECF Doc. No. 12, ¶ 8.

In a hearing on January 17, 2008 this Court disposed of certain of the legal issues raised in this adversary proceeding.[9]

## Discussion

Liebert has moved for summary judgment in her favor and the Trustee has cross-moved for summary judgment in his favor. Bankruptcy Rule ("B.R.") 7056 makes Rule 56 of the Federal Rules of Civil Procedure ("F.R.C.P.") applicable in adversary proceedings. F.R.C.P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings * * * together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477

---

[8] Loren also filed a post-petition administrative expense claim in the amount of $1,724,367.33. See Claim No. 15. In contrast to Loren's pre-petition claim, her post-petition claim has a highly detailed 30 page attachment listing the various items that comprise the claim. Loren's post-petition claim is irrelevant to the Court's insolvency analysis.

[9] In particular, this Court has already held that the Trustee can assert the otherwise time-barred preference claim defense to Liebert's claim, by relying on its earlier decision in In re Mid Atlantic Fund, Inc. 60 B.R. 604, 610 (Bankr. S.D.N.Y. 1986).

5

U.S. 317, 322 (1986). A fact is material only if it affects the result of the proceeding and a fact is in dispute only when the opposing party submits evidence such that a trial would be required to resolve the differences. In re CIS, 214 B.R. 108, 118 (Bankr. S.D.N.Y. 1997). When ruling on a motion for summary judgment, the court is required to draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment. Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994). The court can consider the content of all submitted affidavits in determining whether a proponent's affidavit is sufficient to give rise to a dispute as to a material issue of fact. See F.R.C.P. 56(e); In re CIS, 214 B.R. at 118.

The nonmoving party is required to put forth all of its evidence or risk the grant of the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 424, 248-49 (1986); Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996); Schering Corp. v. Home Ins. Co., 712 F.2d 4, 9 (2d Cir. 1983); In re Ross, 64 B.R. 829, 836 (Bankr. S.D.N.Y. 1986). If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with affidavits, depositions, or other sworn evidence setting forth specific facts showing that there exists a genuine issue of material fact. Rule, 85 F.3d at 1011; accord F.R.C.P. 56(e). However, the nonmoving party must do more than simply show there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 578-88 (1986). Instead, the non-movant must "come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely * * * on the basis of conjecture or surmise." Trans Sport v. Starter Sportswear, 964 F.2d 186, 188 (2d Cir. 1992) (citation omitted).

When faced with cross-motions for summary judgment, the court is not required to grant either motion. See Heublein, Inc. v. U.S., 996 F.2d 1455, 1461 (2d Cir. 1993); Schwabenbauer v. Bd. of Educ. Of the City of Olean, 667 F.2d 305, 313-14 (2d Cir. 1982). The court must take care to consider each motion separately with respect to analyzing whether any material facts are

in issue. However, the court cannot assume that no material facts are in dispute merely because cross-motions for summary judgment have been made. The court needs to ensure that the non-moving party gets the benefit of having the inferences to be drawn from the underlying facts viewed in the light most favorable to it as the party opposing the motion. See Cosmetics Plus Group, Ltd. et al. v. American Int'l Ins. Group et al. (In re Cosmetics Plus Group, Ltd.), 2007 WL 3197417 (Bankr. S.D.N.Y. 2007); Goldberg as Trustee et al. v. South East Partners Corp. et al. (In re Sturman et al.), 222 B.R. 694 (Bankr. S.D.N.Y. 1998).

Here neither party disagrees that the key issue is whether the Debtor was insolvent on the date of the transfer as that is one of the elements the Trustee must establish to avoid the Lien as a preference. See Code § 547(b)(3). The proper date to determine solvency is the date the Judgment was docketed.

The Trustee argues that the Debtor was insolvent by comparing the Debtor's assets to the liabilities as reflected on the claims docket. Since these claims total over $1 million and the agreed value of assets for this motion is only $650,000, by the Trustee's calculation the Debtor is insolvent. However included with the liabilities is Loren's "round number" pre-petition claim for $500,000, which is not listed in the Debtor's Petition schedules. Without this claim the total liabilities would be less than the value of the Debtor's assets and the Debtor would have been solvent.

Nothing in the Trustee's papers indicates that he examined the claim to determine whether it is allowable. See Code § 704(a)(5) (trustee has a duty to examine the allowability of claims). Because of the detailed nature of the attachments to her administrative claim in contrast to the pre-petition claim and the barrenness of the record in this case during its long history suggesting that Loren had any substantial pre-petition claim as well as the lack of any scheduling of a claim, there is substantial doubt that this claim is facially valid. Thus, the Court concludes that there is a material issue of fact on the Trustee's motion for summary judgment as to the

liabilities of the Debtor even if it accepts that the use of the schedules, which speak as of the Petition Date, rather than the earlier transfer date, is proper.

Liebert fairs no better than the Trustee on the asset/liability analysis but for a different reason. First, Liebert asks this Court to disregard the Loren pre-petition claim in considering her summary judgment motion. However, in the absence of an order disallowing the claim this Court cannot disregard it. The proper means for obtaining the disallowance of a claim is through an objection to the claim. See B.R. 3007.

In addition, Liebert's <u>complaint</u> asserts her claim is $909,798.97, an amount that is $500,000 higher than the amount she uses in her calculations to show solvency. It is entirely possible that this $500,000 in interest that should be disregarded as arising after the transfer date. However, the Court's search of the record leaves it unable to determine how much, if any, of the interest to include or to disregard.

The Trustee further argues that classifying the Lien as a preference has already been decided by this Court in its order denying Liebert's motion to dismiss the Debtor's bankruptcy case. However, the District Court determined that the order was interlocutory and Liebert's appeal was dismissed as premature. Therefore, this Court's prior order is not dispositive.

Finally, the Trustee argues that a Debtor is presumed to be insolvent during the 90-day period immediately preceding the filing of the petition.[10] See Code § 547(f). While the Code does provide for a presumption of insolvency, the presumption is rebuttable. Where the facts of a case dictate, the presumption can be rebutted. See Federal Rule of Evidence §301 ("a presumption imposes on the party against whom it is directed the burden of going forward with

---

[10] The Trustee also relies on this Court's decision in another adversary proceeding in this case, <u>Committee of Creditors of Solomon Levine v. Bonnie Loren (In re Solomon Levine)</u>, Adv. Proc. No. 97-9002A (Bankr. S.D.N.Y. April 26, 2002) (Setting aside certain leases as fraudulent conveyances under New York Debtor and Creditor Law § 273-a ). This Court stated in that decision that "because DCL § 273-a is effective only once a judgment is returned unsatisfied, there is clearly an implied acknowledgment of insolvency". However, that statement was dicta. DCL § 273-a does not require a showing of insolvency, whereas Code § 547(b) does. In that case this Court did not make an actual finding of insolvency by comparing the Debtor's assets to liabilities.

evidence to rebut or meet the presumption"). Since both Liebert and the Trustee can and have made fact based cases on the issue of insolvency, it is unnecessary to resort to the presumption.

In conclusion, the Court cannot grant either motion for summary judgment because of the material issues of fact the Court has identified.

## **Conclusion**

For the foregoing reasons, the motions for summary judgment of the Plaintiff and the Trustee are denied.

Settle appropriate order or orders.

Dated: New York, New York
      September 5, 2008

                                                   **/s/ Prudence Carter Beatty**
                                                   United States Bankruptcy Judge